## Charles O. MONROE and Allen L. MONROE
### *v.* Milton K. DALLAS

CA 82-22                                      636 S.W.2d 881

### Court of Appeals of Arkansas
### Opinion delivered August 18, 1982

*Barrett, Wheatley, Smith & Deacon,* for appellants.

*Robert L. Coleman* and *Reid, Burge & Prevallet,* by: *Robert L. Coleman,* for appellee.

DONALD L. CORBIN, Judge. On November 16, 1980, the appellant Allen Monroe and Catherine Monroe, deceased, became engaged in a heated argument which culminated in Catherine Monroe's being shot to death by appellant Allen Monroe. A Texas jury convicted him of voluntary manslaughter and he was given a sentence of twenty years.

Thereafter, Milton K. Dallas, the maternal grandfather, filed a petition in the Probate Court of Mississippi County, Arkansas, for his appointment as guardian of the minor nine-year-old child of Allen Monroe and Catherine Monroe, deceased. Appellant Allen Monroe filed his objection to the appointment of appellee as guardian and indicated his preference for the appointment of his brother Charles Monroe as the guardian. Appellant Charles Monroe then filed a petition for his appointment as guardian of the person and estate of the minor in the Probate Court of Dallas County, Texas. The appellant Charles Monroe also filed his objection, in the Arkansas proceeding, to the appointment of the appellee as the guardian of the minor. On September 18, 1981, over the objections of appellants, the court appointed the appellee as guardian of the person and estate of Mark Allen Monroe, a minor. We affirm.

Appellants argue that the Arkansas probate court erred in appointing the appellee as guardian of the minor child: (1) over the objection of the minor's father, (2) contrary to the minor's father's preference of the appointee and (3) in disregard of the probate proceedings for appointment of a guardian for the minor in Texas. Appellants additionally argue that the Arkansas probate court had no jurisdiction to appoint a guardian as the minor child was a domiciliary of the State of Texas.

Ark. Stat. Ann. § 57-608 provides in part:

The parents of an unmarried minor, or either of them, if qualified and in the opinion of the court suitable, shall be preferred over all others for appointment as guardian of the person. Subject to this rule, the court shall appoint as guardian of an incompetent the one most suitable to serve who is willing to serve, having due regard to: (a) any request contained in a will or other written instrument executed by the parent for the appointment of a person as guardian of his minor child; . . . (d) the relationship by blood or marriage to the person for whom guardianship is sought.

A reading of this statute indicates that parental preference is

only one of many factors to be considered in determining the one most suitable to serve as guardian. The Supreme Court has stated that the statute does not make an ironclad order of priority; instead, it leaves to the probate court's sound discretion the appointment of a guardian who would forward the best interests of the ward. *McCartney* v. *Merchants and Planters Bank,* 227 Ark. 80, 296 S.W.2d 407 (1956). The probate judge has been vested with sound legal discretion in the matter of the appointment of the guardian for a minor, and his action will not be overturned except in a case of manifest abuse. Ark. Stat. Ann. § 62-2016 (g), *Knight* v. *Deavers,* 259 Ark. 45, 531 S.W.2d 252 (1976).

Evidence in the record supports the finding that the appellee, who is the maternal grandfather of the minor, is a person suitable to protect the minor's welfare. ARCP Rule 52 provides in part:

> Findings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

We do not find that the appointment was an abuse of the probate court's sound discretion.

In *Shaw* v. *Shaw,* 251 Ark. 665, 473 S.W.2d 848 (1971), the Supreme Court, quoting from *Restatement, Second, Conflict of Laws,* (1971), § 79, stated:

> The state where the child is physically present has the most immediate concern with him; its courts also have direct access to the child and may be most qualified to decide what would best redound to his welfare.

Ark. Stat. Ann. § 57-606 (2) provides:

> If the incompetent is not domiciled in this state but resides in this state, the county of his residence shall be the proper county for the appointment of a guardian.

The appellee went to Dallas after the death of his daughter and removed Mark from the State of Texas. The minor had lived with his grandparents in Blytheville for ten months as of the date of the hearing. The minor attends public school in Blytheville and is engaged in church and athletic activities. We find that the probate court in Arkansas had jurisdiction to appoint the appellee as guardian for this minor. In *Shaw* v. *Shaw, supra,* an action for divorce that was filed in Bazoria County, Texas, custody of the children was awarded to the father. The mother, in an action in Miller County, Arkansas, sought custody of the children on the basis of changed circumstances. Appellant-father contended that the Arkansas chancery court failed to give full faith and credit to the Texas decree by not ordering immediate delivery of the children to him. The Supreme Court adopted the position of Dr. Robert A. Leflar and *Restatement, Second, Conflict of Laws,* in holding:

> We hold that physical presence of the children in this state is a proper basis for the exercise of jurisdiction by the Miller Chancery Court to determine whether there should be a change in custody of the children involved. The fact that the decree of that court might not be accorded extraterritorial effect should not limit the power of the courts of this State to act for the best welfare of the children physically present within their territorial jurisdiction and to treat them as its wards, at least when their presence is not purely transient. See *Keneipp* v. *Phillips,* 210 Ark. 265, 196 S.W.2d 220; *Pope* v. *Pope,* 239 Ark. 352, 389 SW.2d 425; *Tucker* v. *Turner,* 195 Ark. 632, 113 S.W.2d 508. The General Assembly has clearly made a policy determination which supports this view. A guardian who would have custody of a minor may be appointed by the probate court of a county in which he resides, even though he may be domiciled elsewhere. Ark. Stat. Ann. §§ 57-601, 606, 620, 625 (Supp. 1969). This statutory determination can only be based on the premise that this state has such an interest in the welfare of a minor living within its borders that its courts should take such action as may be necessary to provide for its best welfare.

14

Arkansas has the most immediate concern for this minor's welfare. The Arkansas probate court has access to Mark, as well as other evidence which will allow the probate court in Arkansas to make the most intelligent determination as to what action would best redound to Mark's welfare. We do not believe in the instant case that the probate court erred or abused its discretion in exercising judicial jurisdiction to appoint the appellee, Milton K. Dallas, as guardian for Mark Monroe, his grandson. The minor had resided in Blytheville, Arkansas, for the ten months subsequent to his mother's tragic death.

We affirm.

GLAZE, J., not participating.