CYCLE CENTER, INC. *v.*
James R. ALLEN

CA 84-297

686 S.W.2d 808

Court of Appeals of Arkansas
Division I
Opinion delivered April 3, 1985
[Rehearing denied April 24, 1985.]

*James L. Hall, Jr.,* for appellant.

*L. David Stubbs,* for appellee.

LAWSON CLONINGER, Judge. Appellant, Cycle Center, Inc., argues on this appeal that the trial court erred in finding that a novation had occurred which relieved appellee, James R. Allen, of any indebtedness owed appellant for the purchase of a used motorcycle.

We are able to conclude that appellee made one payment on the indebtedness, and then returned the cycle to appellant for repairs; that a third party, Johnny Fair, took possession of the cycle and made payments, using appellee's payment book; and that Fair then sold the cycle to a fourth party, Clyde Daniel, who made at least one payment before defaulting.

It is the responsibility of appellant to demonstrate prejudicial error, and it has failed to do so. *See Baldwin*

*Company* v. *Ceco Corporation,* 280 Ark. 519, 659 S.W.2d 941 (1983). It is evident from a review of the evidence which is abstracted that this case cannot be properly decided upon the basis of the abstract presented by appellant. The abstract and brief of appellant contain no abstract of the pleadings, exhibits, findings and conclusions of the trial court, and no judgment of the trial court.

The abstract is flagrantly deficient in failing to abstract crucial parts of the record necessary to a proper review of the issue. *See Bank of Ozark* v. *Isaac,* 263 Ark. 113, 563 S.W.2d 707 (1978); *Evans* v. *Commercial National Mortgage Co.,* 271 Ark. 271, 610 S.W.2d 79 (1980).

Because appellant has failed to comply with Rule 9(d) of the Rules of the Supreme Court and the Court of Appeals, we affirm the judgment of the trial court.

Affirmed.

GLAZE and COOPER, JJ., agree.