Lodeen TRAMMELL and Laverne Trammell *v.* Gerald ISOM and Helen Jean Isom

CA 87-318                                      753 S.W.2d 281

Court of Appeals of Arkansas
Division I
Opinion delivered June 29, 1988

*Morgan E. Welch* and *Thorp Thomas*, for appellants.

*Jerry D. Patterson*, for appellees.

JAMES R. COOPER, Judge. This is a guardianship case concerning Tracy Trammell, a minor born March 23, 1977, who was orphaned in 1985. In a proceeding held on February 9, 1987, the trial court vested permanent guardianship of Tracy in the appellees. From that decision, comes this appeal.

For reversal, the appellants contend that the trial court abused its discretion in permitting an *ex parte* temporary guardianship proceeding to be held without justification; that the trial court erroneously continued the temporary guardianship beyond the ninety days permitted by statute; and that the trial court abused its discretion when, at the permanent guardianship hearing, it refused to permit the appellants either to review the guardian *ad litem*'s report or to cross-examine the guardian *ad litem*. We find no prejudicial error, and we affirm.

The record shows that the appellee, Helen Isom, is Tracy's

maternal aunt; the appellants are Tracy's paternal grandparents. The appellees assumed custody of Tracy upon learning of the death of her parents. On July 22, 1985, two days after Tracy's parents died, the appellees filed a petition in the trial court seeking appointment as temporary guardians of their niece's person and estate. The appellants filed an objection to the appellees' petition on August 7, 1985. By agreement, the parties subsequently adopted a practice whereby Tracy lived with the appellees, but visited the appellants every other weekend. This arrangement continued until September 1, 1986, when the appellants failed to return Tracy to the appellees, and enrolled her in the Higden schools in Cleburne County, near the appellants' home. Tracy had been enrolled in and attending school in Clinton the previous week. In an *ex parte* proceeding conducted on September 2, 1986, the appellees sought and obtained an order appointing them Tracy's temporary guardians. The appellants filed a petition to set aside the temporary guardianship on October 20, 1986, and asked that they be appointed as Tracy's guardians. At a hearing held on November 24, 1986, the appellees filed a petition for the appointment of a permanent guardian. The appellants objected to the filing of the petition on the morning of the hearing, and the trial court continued the proceedings. On December 17, 1986, the trial court entered an order appointing a guardian *ad litem*. On February 9, 1987, after a hearing at which the appellants, the appellees, and the guardian *ad litem* were present, the trial court vested permanent guardianship in the appellees.

The appellants first argue that it was an abuse of the trial court's discretion to permit an *ex parte* temporary guardianship proceeding to be held in the absence of evidence to support a finding that there was imminent danger to Tracy's life or health or of loss, damage or waste to her property as required by Ark. Stat. Ann. § 57-840 (Repl. 1971) [Ark. Code Ann. § 38-65-218 (1987)]. In their next point for reversal, the appellants cite the ninety-day limit on the duration of a temporary guardianship found in the above-referenced statutes for the proposition that the trial court erred in extending the temporary guardianship beyond the statutory limit of ninety days. We find both issues to be moot.

The temporary guardianship terminated upon entry of the order vesting permanent guardianship in the appellees.

Even assuming that both of the arguments covering the temporary guardianship advanced by the appellants are meritorious, reversal of the temporary guardianship at this point would have no practical effect. Error is no longer presumed to be prejudicial, and the appealing party bears the burden of demonstrating prejudicial error. *Cycle Center* v. *Allen*, 14 Ark. App. 215, 686 S.W.2d 808 (1985). The appellants contend that they were prejudiced by the temporary guardianship in that, as a result of that order, Tracy spent additional time in the appellees' household, a factor considered by the trial court in awarding permanent guardianship to the appellees. We find no merit in this contention. It is clear that the appellees had already had *de facto* custody of Tracy for over one year at the time the temporary guardianship was awarded. Moreover, we are unwilling to order the trial court to redetermine permanent guardianship without considering the ill effects of disrupting Tracy's established home life and the relationships she has developed with the appellees since the death of her parents. The continuity of care is a significant factor in assessing the best interests of the child in a child guardianship case, *Bennett* v. *McGough*, 281 Ark. 414, 664 S.W.2d 476 (1984), and the best interest of the child is the paramount consideration when appointing a guardian for a child. *Marsh* v. *Hoff*, 15 Ark. App. 272, 692 S.W.2d 270 (1985). In the absence of evidence to show that irregularities in the temporary guardianship proceedings caused the trial court to err in determining that it was in Tracy's best interest to vest permanent guardianship in the appellees, we hold that any error that may have resulted in those proceedings was harmless.

Next, the appellants contend that the trial court erred in refusing to permit them either to review the guardian *ad litem*'s report or to cross-examine the guardian *ad litem*. Linda Collier, an attorney, was appointed as guardian *ad litem* for Tracy in an order entered December 17, 1986. The order did not specify Ms. Collier's duties as guardian *ad litem*. It is clear that Ms. Collier prepared a report or recommendation which she intended to present to the trial court; the appellants asked to be shown the report at the permanent guardianship hearing. Ms. Collier stated to the trial court that she had such a report in her possession, but that only her secretary and herself had seen the report. She further stated that, if filing the report would subject her to cross-

examination, she would prefer not to present the report so that she could continue to act as an advocate for her client. The appellants argued that Ms. Collier was acting in the nature of a fact-finder for the trial court in her capacity as guardian *ad litem*, and that the report should thus be presented and subject to inspection. The trial court ruled that the report or recommendation would not be presented, stating that:

> [T]he Court is relying on Ms. Collier to represent the best interest of the child. And, if the Court feels that the best interest of the child is not to testify, not to make the report where she would be subject to cross-examinations, then the Court is not going to require her to make such a report.

The appellants contend that the preparation of a report or recommendation for the trial court shows that Ms. Collier was in fact functioning as a court-appointed expert, and that, under A.R.E. Rule 706, the parties were thus entitled to cross examine her and be advised of the findings contained in her report. We do not agree that Rule 706 is applicable, however, because we find no indication in the abstract to show that Ms. Collier's report or recommendation was prepared at the direction of the trial court. The trial judge stated that he appointed the guardian *ad litem* to represent the child, and the order appointing Ms. Collier did not impose upon her the duty of acting as a court-appointed expert. The function of a guardian *ad litem* appointed to represent a minor is discussed in *Kimmons* v. *Kimmons*, 1 Ark. App. 63, 68, 613 S.W.2d 110 (1981), where we said that:

> [A] guardian *ad litem* if appointed should be allowed an adequate opportunity to investigate the case, should be permitted to call his witnesses at trial and to cross examine those witnesses called by the parties. In short, he should be permitted to represent his child client as he would any client in preparation for and at trial.

It is well-settled that an attorney who is to serve as an advocate in a disputed action should refrain from testifying. *Aetna Casualty and Surety Co.* v. *Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1984); *Enzor* v. *State*, 262 Ark. 545, 559 S.W.2d 148 (1977). It is thus apparent that Ms. Collier's effectiveness as a guardian *ad litem* would have been largely destroyed had she been required to testify at the hearing. *See Kimmons* v. *Kim-*

*mons, supra.* Here, the trial judge determined that Tracy's best interest would be served by refusing to accept the report or recommendation, thus shielding Ms. Collier from cross-examination and allowing her to continue to serve as an advocate at the hearing. Since the report was not presented to the trial court, and in the absence of evidence to show that the report was prepared at the trial court's direction, we hold that the trial court did not err in refusing to permit the appellants to see the report or to cross-examine the guardian *ad litem.*

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.