Dane A. BLUNT, Temporary Guardian of the Person
and Estate of Dana Nicole Blunt, a Minor *v.*
The Hon. Kathleen BELL, Probate Judge

99-482                                                        990 S.W.2d 533

Supreme Court of Arkansas
Opinion delivered May 20, 1999

*Wilson & Valley, P.A.,* by: *J.L. Wilson,* for petitioner.

*Eilbott Law Firm,* by: *Don A. Eilbott,* for respondents.

P ER CURIAM. Appellant, Dane A. Blunt, asserts that he is
the father of Dana Nicole Blunt, a minor, whose
mother, Valeria Hazel Cartwright, died as result of an accident at
the Six Flags Amusement Park on March 21, 1999. Ms. Cart-
wright and Mr. Blunt were not married at any time. On March
25, 1999, Mr. Blunt had filed a Petition for Appointment of
Guardian of the Person and Estate of his daughter in Jefferson
County Probate Court, his county of residence and the place the
child was physically located at the time of her mother's death.
The Jefferson County Probate Court entered an order appointing
Mr. Blunt guardian of Dana on March 29, 1999, on an emergency
basis, and giving notice that a hearing on the matter would be
held on June 14, 1999. Pursuant to that order, Mr. Blunt removed
Dana from the home of her maternal grandparents in Phillips
County on April 1, 1999.

The maternal grandparents, Jerry L. Cartwright and Vallie J.
Cartwright, filed a petition for temporary custody of Dana on

April 13, 1999, in the probate court of Phillips County, alleging that at the time of her death, Ms. Cartwright and Dana lived in Phillips County and that it was in Dana's best interests to be placed with them. The petition was granted in an *ex parte* order also dated April 13, 1999, and the Phillips County Probate Court set a hearing on the matter for April 30, 1999.

Mr. Blunt responded to the Cartwright's petition in the Phillips County Probate Court, stating that he had already been named Dana's guardian by the March 29 order of the Jefferson County Probate Court. On April 28, 1999, Mr. Blunt filed a Petition for Writ of Prohibition in this court, requesting that the proceedings before the Phillips County Probate be stayed pending the outcome of his guardianship action in Jefferson County. We deferred action on the petition and temporarily stayed the action in Phillips County for ten days to allow a responsive filing. The Cartwrights responded, moving for dismissal on the grounds that Mr. Blunt has not been established by a court of competent jurisdiction to be the father of Dana, and requesting oral arguments.

The Cartwrights' response clearly indicates that there are disputed issues of fact that must be resolved. Accordingly, we decline Mr Blunt's request for a writ of prohibition, and decline to grant the Cartwrights' request to dismiss the proceedings in Jefferson County. However, we do wish to call the attention of the parties and the honorable courts of both Jefferson and Phillips counties to Ark. Code Ann. § 28-65-202 (1987), which provides that the venue for the appointment of a guardian shall be in the county of this state which is the domicile of the incapacitated person. This code section further provides that: "If proceedings are commenced in more than one (1) county, they shall be stayed, except in the county where first commenced, until final determination of venue by the probate court of the county where first commenced. If the proper venue is finally determined to be in another county, the court shall transmit the original file to the proper county." Ark. Code Ann. § 28-65-202(b)(1).

Petition for writ of prohibition denied. Respondent's motion to dismiss the proceedings in Jefferson County is denied.

GLAZE, J., concurs.