Dane Arnell BLUNT *v.*
Jerry L. and Vallie J. CARTWRIGHT

00-347 30 S.W.3d 737

Supreme Court of Arkansas
Opinion delivered November 16, 2000
[Petition for rehearing denied January 4, 2001.]

*Davidson Law firm, LTD*, by: *Charles Darwin "Skip" Davidson* and *Patricia Bryant*; and *Eilbott Law Firm*, by: *Don A. Eilbott*, for appellant.

*E. Dion Wilson*, for appellees.

DONALD L. CORBIN, Justice. Appellant Dane Arnell Blunt appeals the order of the Phillips County Probate Court appointing Appellees Jerry and Vallie Cartwright as guardians of the estate and person of their six-year-old granddaughter, Dana Nacole Blunt. For reversal, Appellant argues that (1) venue was properly in Jefferson County; (2) the probate court erred in refusing to recuse from the case; and (3) the probate court erred in appointing Appellees as guardians, rather than him. This appeal was certified to us from the court of appeals, pursuant to Ark. Sup. Ct. R. 1-2(d). We affirm.

The need for a guardianship of Dana Nacole Blunt arose on March 21, 1999, when Dana's mother, Valeria Cartwright, was killed in an accident that occurred at the Six Flags amusement park in Arlington, Texas. Appellees are the parents of Valeria and the grandparents of Dana. Appellant claims to be Dana's biological father; however, he and Valeria were not married at any time. Four days after Valeria's death, Appellant petitioned the Jefferson County Probate Court to appoint him as the guardian of the person and estate of Dana. The court granted the petition and entered an emergency order appointing Appellant as Dana's temporary guardian on March 29, 1999. Pursuant to that order, Appellant removed the child from Appellees' home in Phillips County.

Appellees subsequently filed a petition for guardianship in the Phillips County Probate Court. In their petition, Appellees alleged that at the time of the accident, Valeria and Dana lived in Phillips County, and that it was in the child's best interest to be placed with them. Appellant responded to Appellees' petition by filing a petition for writ of prohibition with this court on April 28, 1999, requesting that the proceedings in Phillips County be stayed pending the outcome of his guardianship action in Jefferson County. *See* *Blunt v. Bell*, 337 Ark. 535, 990 S.W.2d 533 (1999) (*per curiam*). We denied the writ and directed the attention of the parties and both probate courts to Ark. Code Ann. § 28-65-202 (1987), which provides that venue in guardianship cases lies in the county where the incapacitated person is domiciled.

Pursuant to our mandate, the Jefferson County Probate Court concluded that venue of this matter was properly in Phillips County. Accordingly, the case was transferred to Phillips County. Ultimately, the Phillips County Probate Court appointed Appellees as

the permanent guardians of the estate and person of Dana Nacole Blunt. The court found that Appellant was not suitable to be the child's guardian. Appellant raises three points on appeal. We discuss the issue of venue first.

### I. Venue Pursuant to Section 28-65-202

Appellant argues that Jefferson County was the appropriate venue for this guardianship action. Appellant does not deny that prior to Valeria's death, Dana's domicile was in Phillips County. He contends, however, that after Valeria's death, his actions established Dana's residence and domicile in Jefferson County. Thus, he argues that Phillips County was not the proper venue for this case. We disagree.

■ ■ Before we reach the merits of this point, we must address Appellees' argument that this issue is waived because Appellant did not immediately appeal the Jefferson County order and did not seek a second writ of prohibition from this court. An order fixing venue is not a final order under Rule 2 of the Arkansas Rules of Appellate Procedure—Civil. Rather, it is an intermediate order encompassed by Rule 2(b), which provides: "An appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment." This court has held that once a final order has been entered and an appeal taken, the question of venue, once put in issue, is not lost by continuing through a trial of the matter. *Heber Springs Lawn and Gdn., Inc. v. FMC Corp.*, 275 Ark. 260, 628 S.W.2d 563 (1982) (citing *Wilson v. Wilson*, 270 Ark. 485, 606 S.W.2d 56 (1980)). *See also Arkansas Savings & Loan v. Corning Savings & Loan*, 252 Ark. 264, 478 S.W.2d 431 (1972) (holding that an order granting or denying a change of venue is not an appealable order); *State v. Langstaff*, 231 Ark. 736, 332 S.W.2d 614 (1960) (holding that an order granting or denying a change of venue is not final, because the case still stands for trial). Accordingly, Appellant's timely appeal from the final order in this matter preserves his challenge of the Jefferson County Probate Court's order fixing venue in Phillips County. We thus consider the merits of Appellant's argument on this point.

Section 28-65-202(a) provides in pertinent part that "[t]he venue for the appointment of a guardian shall be: (1) In the county of this state which is the domicile of the incapacitated person[.]" Subsection (b)(1) requires the court in which the first action is commenced to determine where venue lies, and that "[i]f the proper venue is finally determined to be in another county, the court shall transmit the original file to the proper county." Subsection (c)(4) provides that in the event of a transfer, "the receiving court shall complete the proceedings as if originally commenced in it."

In the present case, a hearing was held in the Jefferson County Probate Court to determine the proper venue for the guardianship. Based on the testimony presented, the court found that since her birth on June 14, 1994, Dana had resided in Phillips County, either in Appellees' home or in her mother's home, which was located directly across the street from Appellees' home. The court found that on the date of the accident, Dana was physically present in Jefferson County, at the home of Appellant's parents; however, the child's presence there was for the purpose of visitation only. The court found that on March 29, 1999, the date on which it granted Appellant's petition for temporary guardianship, Dana was domiciled in Phillips County. The court then transferred the case to Phillips County.

We agree with the Jefferson County Probate Court that at all times relevant to this action, Dana was domiciled in Phillips County. There is simply no merit to Appellant's contention that the child was domiciled in Jefferson County after her mother's death. Indeed, the evidence shows that the only reason that Dana was physically residing in Jefferson County at that time was because Appellant had removed the child from Appellees' home pursuant to the order granting him temporary guardianship. This evidence is insufficient to establish the child's domicile in Jefferson County. Accordingly, we affirm the determination of venue in Phillips County.

## II. Motion to Recuse

Appellant argues that the Phillips County Probate Judge, The Honorable Kathleen Bell, erred in denying Appellant's motion to

recuse. Among the reasons offered for recusal was Appellant's contention that Judge Bell was biased against him, due to her former professional association with Appellees' attorney, J. L. Wilson. Appellees have filed a motion to dismiss this appeal based on Appellant's failure to include in the abstract and record a transcript of the hearing on this motion.[1] We deny the motion to dismiss, but we summarily affirm the trial court's decision due to the deficient abstract and record on this issue.

■ ■ Our review on appeal is limited to the record as abstracted, and we will not reach the merits of an issue when the documents or proceedings that are necessary for an understanding of the issue are not abstracted. *Luttrell v. City of Conway*, 339 Ark. 408, 5 S.W.3d 464 (1999); *Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999). Rule 4-2(a)(6) of the Arkansas Supreme Court Rules requires that an abstract contain "such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." A transcript of a hearing on a motion that is the subject of appeal is a material part of the proceedings that must be abstracted. *See Warnock*, 336 Ark. 506, 988 S.W.2d 7 (affirming the trial court's denial of a motion to recuse because the abstract omitted the hearing on the motion); *Miller v. State*, 328 Ark. 121, 942 S.W.2d 825 (1997) (affirming the trial court's denial to transfer the case to juvenile court because the transfer hearing was omitted from the abstract and record). We cannot emphasize enough that it is the appellant's burden to bring up a record sufficient to demonstrate that the trial court erred. *Warnock*, 336 Ark. 506, 988 S.W.2d 7. Without a record of the hearing on the motion to recuse, we cannot conduct a meaningful review of the arguments raised on this issue. *See Miller*, 328 Ark. 121, 942 S.W.2d 825. We thus have no choice but to affirm on this point.

### III. Determination of Guardianship

■ For his last point for reversal, Appellant contends that the probate court erred in granting Appellees' petition for permanent

---

[1] Appellant does not deny that a hearing was held on the motion, or that a transcript of the hearing is not included in the abstract or the record on appeal.

guardianship and in simultaneously finding that he was not a suitable guardian for Dana. We review probate proceedings *de novo*, but we will not reverse the decision of the probate court unless it is clearly erroneous. *Amant v. Callahan*, 341 Ark. 857, 20 S.W.3d 896 (2000); *Babb v. Matlock*, 340 Ark. 263, 9 S.W.3d 508 (2000). When reviewing the proceedings, we give due regard to the opportunity and superior position of the probate judge to determine the credibility of the witnesses. *Id*. Based on the testimony presented below, we cannot say that the probate court's decision was clearly erroneous.

■ Pursuant to Ark. Code Ann. § 28-65-210 (1987), three things must be proved before a guardian may be appointed: (1) the person for whom guardianship is sought is a minor or otherwise incapacitated; (2) a guardianship is desirable to protect the needs of that person; and (3) the person to be appointed guardian is qualified and suitable to act as such. Where the incapacitated person is a minor, the key factor in determining guardianship is the best interest of the child. *Bennett v. McGough*, 281 Ark. 414, 664 S.W.2d 476 (1984); *Trammell v. Isom*, 25 Ark. App. 76, 753 S.W.2d 281 (1988); *Marsh v. Hoff*, 15 Ark. App. 272, 692 S.W.2d 270 (1985); *Monroe v. Dallas*, 6 Ark. App. 10, 636 S.W.2d 881 (1982). Preferential status may be given to the natural parents of the child under Ark. Code Ann. § 28-65-204 (Supp. 1999). This preference, however, is but one factor that the probate court must consider in determining who will be the most suitable guardian for the child. *See Marsh*, 15 Ark. App. 272, 692 S.W.2d 270. Indeed, any inclination to appoint a parent or relative must be subservient to the principle that the child's interest is of paramount consideration. *See Bennett*, 281 Ark. 414, 664 S.W.2d 476.

In the present case, the probate court found that it was in the best interest of the child, Dana Nacole Blunt, that Appellees be appointed as her permanent guardians. The court found: (1) Appellees were the biological grandparents of the child; (2) Appellees owned their own home, were gainfully employed, and had a stable living environment in Phillips County; (3) Dana had gone through private daycare in Phillips County and was presently enrolled in the public school system there and was doing well as a student; (4) testimony of daycare teachers established that Dana was a well-rounded, happy child; (5) a home study established that Appellees' home was suitable and desirable and that Appellees possessed the

ability to care for the instant and future welfare and happiness of Dana; and (6) Appellees had contributed continual financial support to both Dana and her mother, including the payment of prenatal care, cost of the birth, and hospital bills.

On the other hand, the probate court concluded that Appellant, even if legally determined to be Dana's biological father, was not suitable to be the child's guardian.[2] The court found that Appellant, who is thirty-two years old, was "in transition," as he had only been employed at his current job for one week prior to the hearing, and he did not have a home of his own. The probate court found that there was no credible evidence to support Appellant's testimony that he had provided support for Dana all of her life. Rather, the court found that, other than two checks totaling $325, the only regular support provided by Appellant was during a thirteen-month period while he was in the United States Army. Once he was discharged, however, following Valeria's death, Appellant ceased making any payment toward Dana's support. The probate court found this lack of support significant, in light of the fact that Appellant admitted that he had expended over $500 per month for the support and ownership of a car during that same period. Perhaps most significantly, the probate court found that there was credible evidence from two witnesses detailing Appellant's physical abuse of Valeria, even while she was seven or eight months pregnant with Dana.

The probate court found that Appellant was not a suitable guardian for Dana, even if he was the child's biological father. The court found that Appellant had not assumed his parental responsibilities, such as providing care, supervision, protection, and financial support for the child. Ultimately, the probate court found that Dana is in an environment that she is used to, surrounded by an extended family that has been a major part of her young life. The court found that it would be quite disruptive to the child to be moved from her current environment, particularly because her mother, who was her primary care giver, had died so recently. The court thus concluded that it was in the child's best interest that Appellees be appointed as her permanent guardians.

---

[2] The court found that there had been no legal determination by a court of competent jurisdiction that Appellant was Dana's biological father. Appellant admitted as much during the hearing. Nonetheless, for purposes of determining guardianship, the court treated Appellant as the child's biological father.

 We cannot say that the probate court's ruling in this case was clearly erroneous, taking into consideration all the testimony presented and the probate court's superior position to weigh and assess the credibility of the witnesses and their testimony. We disagree with Appellant that the preference found in section 28-65-204 automatically attaches to a child's natural parent. That section provides in pertinent part: "The parents of an unmarried minor, or either of them, if qualified *and, in the opinion of the court, suitable,* shall be preferred over all others for appointment as guardian of the person." (Emphasis added.) A plain reading of that provision demonstrates that only a natural parent who is both qualified and, in the opinion of the probate court, suitable shall be preferred over all others to be the child's guardian. The probate court in this case accepted Appellant's assertion that he was the child's natural father, but nonetheless found that he was not suitable to serve as the child's permanent guardian. Appellant has failed to offer any convincing argument or authority that would justify a reversal of that ruling. Accordingly, we affirm the probate court's decision.

 Apart from the issues pertaining to the merits of this appeal, Appellant has filed a motion to strike several portions of Appellees' brief as being unsubstantiated or patently false. We agree that the statements reflected in the motion are offensive. By way of illustration only, Appellees' brief states: "The Appellant, by his own description is a typical '*dead-beat*' parent, if he is indeed a parent. He has according to the testimony in the case below, contributed *only $175.00 to the direct support* of the child individually that is documentable." This statement is both inflammatory and false. As set out above, the trial court specifically found that Appellant had contributed to Dana's support, in the form of regular allotments to Valeria, while he was in the Army. We thus grant the motion to strike. While we do not impose sanctions against Appellees' counsel in this instance, we take this opportunity to caution the bar that an attorney who knowingly makes a false statement of material fact to a tribunal risks sanctions under Rule 3.3 of the Model Rules of Professional Conduct.

Affirmed.