Bryan K. SMITH *v.* Danny THOMAS
& Sandra Thomas

CA 06-1343                                    266 S.W.3d 226

Court of Appeals of Arkansas
Opinion delivered October 31, 2007

[Rehearing denied December 5, 2007.]

*Shiela F. Campbell*, for appellant.

*Coplin & Heuer*, by: *Sam T. Heuer* and *Jocelyn A. Stotts*, for appellee.

JOSEPHINE LINKER HART, Judge. Bryan K. Smith, the natural father of a minor child, BS, appeals from an order of the Faulkner County Probate Court denying his petition to terminate the guardianship held by the maternal grandparents, Danny and Sandra Thomas, over the child. On appeal, Smith argues that the trial court's decision to deny his petition was clearly erroneous and violated his due-process rights. We affirm.

BS was born out of wedlock on July 31, 2003. Apparently, Smith and BS's mother, Dandra Thomas, did not live together at the time of the child's birth or at any time thereafter. When BS's mother died on December 27, 2003, Danny and Sandra Thomas almost immediately petitioned to be appointed BS's guardians. The Thomases actually served Smith with the guardianship petition at their daughter's funeral. Smith counter-petitioned for custody. At the time, however, Smith was a college student who had availed himself of only limited contact with his child. The Thomases were granted a permanent guardianship on January 9, 2004. The trial court specifically found that Smith could not "provide the stability which is needed for this child at this point in his life."

The parties returned to court mere months later pursuant to the Thomases' petition to limit Smith's visitation. They based their petition on Smith's failure to show them sufficient "respect." Smith counter-petitioned to terminate the guardianship. After a hearing, the trial court again found that Smith could not provide BS with "stability," noting that he was still a full-time student while he was employed full-time. The trial court ordered that

Smith be "ready next summer to do what you have to do." The trial court also ordered that Smith attend parenting classes as the Thomases had requested.

On March 9, 2006, Smith again petitioned to terminate the guardianship. By this time, he had married, established a household, was no longer a student, and had secured full-time employment. He also completed some parenting classes and had regularly visited his child. The child, however, was thriving in the care of his guardians. Relying on *Freeman v. Rushton*, 360 Ark. 445, 202 S.W.3d 485 (2005), the trial court found that, even though Smith was "qualified" to parent his child, best interest dictated that BS remain with his guardians.

Smith first argues that the trial court's decision to deny his petition to terminate the guardianship was clearly erroneous. Citing Arkansas Code Annotated section 28-65-204 (Repl. 2004), he notes that, having found him to be a person "qualified" to be BS's guardian, the trial court erred in failing to give him the statutory preference afforded natural parents. He notes further that, since the last hearing, he has "discharged his duties and obligations as a parent," driven more than 28,800 miles to exercise his visitation, become gainfully employed with the Arkansas Department of Human Services as a family-support specialist, and married, which would afford BS a two-parent household. Furthermore, Smith contends that this case is distinguishable from *Freeman v. Rushton*, *supra*, the authority relied on by the trial court, in that Freeman did not have the same level of contact with his child that he has had with BS. Finally, citing Arkansas Code Annotated section 28-65-401 (Repl. 2004) and *Blunt v. Cartwright*, 342 Ark. 662, 30 S.W.3d 737 (2000), Smith acknowledges that the best interest of the child standard applies to the termination of guardianships. Nonetheless, he argues, in essence, that the guardianship can also be terminated when it is no longer necessary, as in this case. We do not find these arguments persuasive.

This court reviews probate proceedings de novo, but we will not reverse a decision of a trial court unless it is clearly erroneous. *Id.* The primary consideration in deciding whether to terminate the guardianship of a minor child pursuant to Arkansas Code Annotated section 28-65-401, is best interest of the child. *Crosser v. Henson*, 357 Ark. 635, 187 S.W.3d 848 (2004).

■ We are unwilling to say that the trial court's refusal to terminate the guardianship was clearly erroneous. First, the instant case does not involve the initial selection of a guardian. Accord-

ingly, the natural-parent preference stated in Arkansas Code Annotated section 28-65-204(a) is inapplicable. *Crosser v. Henson, supra.* Second, and more importantly, our case law has equated the termination of a guardianship to a change of custody among natural parents. *See In re Guardianship of Markham,* 32 Ark. App. 46, 795 S.W.2d 931 (1990); *see also Crosser v. Henson, supra.* Accordingly, we note that it is undisputed that BS has been well taken care of by his guardians and has thrived in that environment. Under those circumstances, we hold that it was not clearly erroneous for the trial court to refuse to terminate the guardianship.

We are mindful that, while this case was pending but before we took it under submission, our supreme court handed down *Devine v. Martens,* 371 Ark. 60, 263 S.W.3d 515 (2007). In *Devine* the supreme court stated that "it is not in a child's best interests to take custody from a natural parent who has rectified all issues relating to his or her fitness." While this holding seems to equate best interest of the child with his or her return to a natural parent who has rectified unfitness issues, we decline to apply this holding to the case at bar. In the first place, *Devine* involved the initial preference in establishing a guardianship, not the termination of a guardianship of substantial duration as in the case at bar. Secondly, although the trial court pronounced Smith "qualified" to parent his child, at the same time it expressed reservations about his credibility. Much of Smith's case depended upon his testimony concerning how he would be able to care for his child, which would count for naught without the trial court finding him credible.

For his second point, Smith argues that his due-process rights were violated when the trial court refused to terminate the guardianship. He asserts that giving custody of BS to grandparents destroys "any pretense of a normal parent-child relationship and eliminates nearly all of the natural incidents of parenthood." However, it is not apparent from Smith's brief that he actually raised this argument to the trial court. Accordingly, we decline to consider this point because it is settled law that we will not address arguments, even those with a constitutional dimension, for the first time on appeal. *Hooks v. Pratte,* 53 Ark. App. 161, 920 S.W.2d 24 (1996).

Affirmed.

BIRD and GRIFFEN, JJ., agree.