

# ARKANSAS COURT OF APPEALS
## DIVISION II
#### No. CV–17–326

KIMBERLY AND JEREMY CLARK
                                          APPELLANTS

V.

GEORGE AND DAWN CLARK
                                            APPELLEES

**Opinion Delivered:** November 15, 2017

APPEAL FROM THE GARLAND
COUNTY CIRCUIT COURT
[NO. 26PR-15-27]

HONORABLE STEPHEN CHOATE,
JUDGE

REVERSED AND REMANDED;
PETITION DENIED

## RAYMOND R. ABRAMSON, Judge

Kimberly and Jeremy Clark appeal the Garland County Circuit Court order dismissing their motion to set aside the adoption decree of their daughter E.C. in favor of George and Dawn Clark. On appeal, Kimberly and Jeremy argue that the circuit court erred in denying their motion because they did not receive notice of the adoption petition in violation of their due-process rights. We agree and reverse and remand.

E.C. was born on February 15, 2006, to Kimberly and Jeremy. George and Dawn are Jeremy's parents. On January 14, 2015, George and Dawn filed a petition for adoption of E.C. in the Garland County Circuit Court. In the petition, they alleged that they were E.C.'s legal guardians and that they did not know the whereabouts of Kimberly and Jeremy. They attached the order appointing them guardians of E.C., which had been entered on July 19, 2012. They further alleged that Kimberly and Jeremy had not had contact with

E.C. since December 2012 and that Kimberly and Jeremy's consent to the adoption was not required under Arkansas Code Annotated section 9-9-207 (Repl. 2015).[1] Because they did not know the whereabouts of Kimberly and Jeremy, George and Dawn published notice of the adoption petition in the *Sentinel Record* on March 14 and March 21, 2015. They did not otherwise serve Kimberly and Jeremy with the petition.

On March 31, 2015, the court held a hearing. Kimberly and Jeremy did not appear. George testified that E.C. was removed from Kimberly and Jeremy's custody in April 2012 in a dependency-neglect proceeding and that he intervened in that proceeding to obtain a guardianship of E.C. Dawn testified that she had not seen Kimberly and Jeremy in one or two years. The court took judicial notice of the dependency-neglect case and the guardianship order, and the court orally granted the adoption.

On April 1, 2015, the circuit court entered a final adoption decree. In the decree, the court noted that Kimberly and Jeremy did not appear for the final hearing. The court further found that their consent to the adoption was not required pursuant to section 9-9-207.

On December 13, 2016, Kimberly and Jeremy filed a motion to set aside the adoption decree. They asserted that the decree violated their due-process rights because they did not receive notice of the petition. They further alleged that they had frequent

---

[1]Section 9-9-207(a)(2) provides that a parent's consent to adoption is not required of a parent of a child in the custody of another, if the parent for a period of at least one year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree.

communication with George, Dawn, and E.C. and that they had not waived consent to the adoption.

On January 13, 2017, George and Dawn filed a motion to dismiss Kimberly and Jeremy's motion to set aside the adoption. They asserted that Kimberly and Jeremy's motion was barred by the statute of limitations as set forth in Arkansas Code Annotated section 9-9-216(b).

Also on January 13, 2017, George and Dawn filed a response to Kimberly and Jeremy's motion to set aside the adoption. In the response, they stated that they had originally obtained temporary custody of E.C. through the dependency-neglect proceedings on April 19, 2012, and that on April 27, 2013, the Arkansas Department of Human Services ("DHS") provided Kimberly and Jeremy a case plan that stated, "Relative guardianship will be the concurrent permanency plan for [E.C.] if Jeremy and Kimberly are unable to complete the requirements of the case plan to the satisfaction of the Court." They asserted that Kimberly and Jeremy did not comply with the case plan. They further pointed out that the guardianship order provided that the guardianship could not be set aside without notice to, and the consent of, DHS. On January 18, 2017, the court entered an order granting George and Dawn's motion to dismiss Kimberly and Jeremy's motion to set aside the adoption.

On January 19, 2017, Kimberly and Jeremy filed a motion to set aside the court's January 18, 2017 order. They complained that they did not have an opportunity to respond to George and Dawn's motion to dismiss their motion to set aside the adoption. The court

did not enter a written order, and the motion was deemed denied on February 18, 2017.

Accordingly, on March 20, 2017, Kimberly and Jeremy filed their notice of appeal.[2]

We review probate proceedings de novo, but we will not reverse the decision of the probate court unless it is clearly erroneous. *Dillard v. Nix*, 345 Ark. 215, 45 S.W.3d 359 (2001); *Blunt v. Cartwright*, 342 Ark. 662, 30 S.W.3d 737 (2000). When reviewing the proceedings, we give due regard to the opportunity and superior position of the circuit court to determine the credibility of the witnesses. *Id*. Similarly, we review issues of statutory construction de novo, as it is for this court to determine what a statute means. *Burch v. Griffe*, 342 Ark. 559, 29 S.W.3d 722 (2000). Thus, we are not bound by the circuit court's construction; however, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct on appeal. *Id*.

Kimberly and Jeremy argue that the circuit court erred by not setting aside the adoption decree because they failed to receive notice of the adoption petition in violation of their due-process rights.[3] They recognize that Arkansas Code Annotated section 9-9-216(b) provides that, upon the expiration of one year after the entry of an adoption decree,

[2]On March 1, 2017, Jeremy and Kimberly filed a notice of a constitutional challenge, and on March 6, 2017, they filed a motion to declare Arkansas Code Annotated section 9-9-216(b) unconstitutional. The circuit court never issued a ruling on that motion. However, the pending motion does not affect our ability to review this appeal from a probate proceeding. *See* Ark. Code Ann. § 28-1-116(a) (Repl. 2012) ("Except as provided in subsection (b) of this section, a person aggrieved by an order of the circuit court in probate proceedings under the provisions of the Probate Code may obtain a review of the order by the Supreme Court or the Court of Appeals.").

[3]Arkansas Code Annotated section 9-9-212(a)(4) states that "at least twenty (20) days before the date of the hearing, notice of the filing of the petition and of the time and place of the hearing shall be given by the petitioner to . . . a person whose consent is dispensed with upon any ground mentioned in section 9-9-207(a)(2)."

the decree cannot be questioned for failure to give the required notice. They further concede that they filed their motion to set aside the petition more than a year after its entry. However, they assert that the adoption should be set aside because they did not receive the required notice pursuant to the adoption statute[4] or actual notice of the adoption petition. In other words, they assert they had no notice whatsoever of the pending adoption.

George and Dawn concede that Kimberly and Jeremy did not receive proper notice pursuant to the adoption statute. However, they assert that Kimberly and Jeremy should have been aware of E.C.'s adoption from the dependency-neglect proceedings. They point out that the goal of the dependency-neglect case was permanent guardianship and that the dependency-neglect orders required them to complete the case plan to regain custody of E.C. However, Kimberly and Jeremy did not complete the case plan. Thus, they claim that Kimberly and Jeremy had sufficient notice of the adoption proceeding.

Our supreme court's decision in *Mayberry v. Flowers*, 347 Ark. 476, 65 S.W.3d 418 (2002), is instructive. In *Mayberry*, our supreme court held that the one-year statute of

---

[4]The relevant notice requirement provides:

When the petitioner alleges that any person entitled to notice cannot be located, the court shall appoint an attorney ad litem who shall make a reasonable effort to locate and serve notice upon the person entitled to notice; and upon failing to so serve actual notice, the attorney ad litem shall publish a notice of the hearing directed to the person entitled to notice in a newspaper having general circulation in the county one (1) time a week for four (4) weeks, the last publication being at least seven (7) days prior to the hearing. . . . Before the hearing, the attorney ad litem shall file a proof of publication and an affidavit reciting the efforts made to locate and serve actual notice upon the person entitled to notice.

Ark. Code Ann. § 9-9-212(5)(A)–(B).

limitations from section 9-9-216 did not bar a father's motion to set aside an adoption when the father received no notice of the adoption petition until after the entry of adoption. *Id.* Specifically, the evidence showed that the father did not receive the required notice pursuant to the adoption statutes nor did he receive actual notice until after the entry of the adoption order. *Id.* Accordingly, the court held that the father's due-process rights had been violated, and it set aside the adoption decree. *Id.* The court stated that "the right of a natural parent to the custody of his or her child is 'one of the highest natural rights,'" and "[d]ue process requires, at minimum, notice reasonably calculated to afford a natural parent the opportunity to be heard before his or her parental rights are terminated through adoption." *Id.* at 485, 65 S.W.3d at 424.

The *Mayberry* court distinguished the circumstance from *Pender v. McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979), where our supreme court held that a mother received sufficient notice of a pending adoption under due process. In *Pender*, the evidence revealed defects in the service of process of the adoption petition; however, the undisputed evidence demonstrated that the mother had been notified of the pending adoption before the hearing was held. *Id.* Our supreme court held that because the mother had received actual notice of the pending adoption, her due-process rights were not violated. Specifically, the *Pender* court stated:

> The requirements of due process of law under [*Armstrong v. Manzo*, 380 U.S. 545 (1965)] were that she have notice reasonably calculated to apprise her of the pendency of the action and to afford her an opportunity to present her objections. These requirements of due process were met. . . . We have heretofore recognized that one who was apprised of the pendency of an action and aware of the nature of the relief sought before a judgment was rendered, was not entitled to have the judgment vacated, whether process was served on him or not.

*Id.* at 36–37, 582 S.W.2d at 938.

In this case, we hold that the circumstances here are similar to *Mayberry* and that Kimberly and Jeremy's due-process rights were violated for failure to receive notice of the adoption petition. Even though more than one year had elapsed since the entry of the adoption decree, there is no evidence that Kimberly and Jeremy received any notice of the adoption proceeding before the entry of the decree. George and Dawn claim that the dependency-neglect proceedings gave Kimberly and Jeremy adequate notice of the adoption petition. We disagree. As the *Mayberry* and *Pender* court stated, due process requires notice reasonably calculated to apprise them of the pendency of the adoption action and to afford them an opportunity to respond. The dependency-neglect proceedings merely provided Kimberly and Jeremy notice that they needed to comply with the case plan to regain custody of their daughter. Those proceedings did not give Kimberly and Jeremy notice of the pendency of the adoption action, which would terminate their parental rights, because the adoption action had not yet been initiated. Moreover, the dependency-neglect action was a separate proceeding with a different legal standard than the adoption petition in the probate action. Thus, the dependency-neglect action did not give Kimberly and Jeremy notice reasonably calculated to apprise them of the pendency of the adoption proceeding and to afford them an opportunity to respond.[5] Accordingly, we hold that

---

[5]George and Dawn have filed a petition for writ of certiorari requesting this court to remand the case for correction of omissions in the record. Specifically, they request the court to order that the orders and transcripts from the dependency-neglect proceedings be supplemented to the record. They also argue that their letter brief in support of their motion to dismiss the motion to set aside the adoption be supplemented to the record. As to the dependency-neglect proceedings, for the reasons set forth in this opinion, we hold that the orders and transcripts of those proceedings are not necessary for our review of the issue on

Kimberly and Jeremy's due-process rights were violated and that the circuit court erred in granting George and Dawn's motion to dismiss Kimberly and Jeremy's motion to set aside the adoption decree. Accordingly, we reverse and remand.

Reversed and remanded; petition denied.

MURPHY and BROWN, JJ., agree.

*The Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellants.

*Lawrence C. Honeycutt*, for appellees.

---

appeal. As to the letter brief, Kimberly and Jeremy point out that George and Dawn did not file the letter brief in the circuit court record. Accordingly, we deny the petition.