BECKER *v*. ROGERS.

5-2881                                              361 S. W. 2d 262

Opinion delivered October 29, 1962.

*Osro Cobb,* for appellant.

*Homer T. Rogers,* for appellee.

CARLETON HARRIS, Chief Justice. This appeal relates to the validity of the appointment of Homer T. Rogers, appellee herein, as temporary guardian of Marvin Umsted, incompetent. On July 6, 1962, Audrey Umsted Cobb and Aubrey Umsted Becker filed their petition with the Ouachita County Probate Court, asking that Howard East, a resident of Camden, be appointed permanent guardian of the Marvin Umsted estate. Petitioners are nieces of Mr. Umsted, and the petition recites that the latter is 81 years of age, resides in the Ouachita County Hospital at Camden, and is incapacitated due to permanent circulatory disorders and advanced age. On July 12th, petitioners filed an "affidavit of facts" in support of the petition, reciting the history of their connection with Mr. Umsted, and detailing the facts of his illness. This affidavit, of course, is not evidence, but actually a supplemental petition, and is so treated. Reasons are set forth for the appointment of Mr. East, and petitioners

request "If, for any reason, Mr. Howard East should become unavailable for the appointment as permanent guardian, then these petitioners respectfully request that they be appointed jointly as such guardian".

On July 17, Mr. Rogers, appellee, filed a petition setting up that he had "been appointed by this court each ninety-day period for the past twevle months as temporary guardian of the said Marvin Umstead", and he sought to again be appointed temporary guardian for another ninety days. The petition recites that the condition of Mr. Umsted, physically and mentally, has improved from the date of the last appointment; that at times Umsted is confused, and at other times "his mind is clear and he acts normal". Said petition was supported by a letter from Dr. P. J. Dalton, a physician of Camden, who stated that he was of the opinion that Mr. Umsted was incompetent to take care of his affairs. Further, "His mental status has improved over what it was six months ago. As a rule, he is relaxed, quiet and co-operative"; however, "his mental status will remain confused at times for the remainder of his life".[1] On July 19th, appellants filed a motion seeking an order to require Mr. Rogers, as temporary guardian, to file a full and final report.

On July 20th, the Probate Court of Ouachita County entered its order reciting,

"* * * there is presented to the Court the Petition of Mrs. Aubrey Becker and Mrs. Audrey Cobb, asking that Mr. Howard East be appointed permanent Guardian of the person and estate of Marvin Umsted, an alleged incompetent person, or in the alternative, if Mr. Howard East refuses to serve, that they be appointed as such guardians; also a Petition of Homer T. Rogers, who has been appointed temporary guardian of the person and estate of the said Marvin Umsted for four consecutive periods of ninety days each; and the same are submitted to the Court

---

[1]Dr. Dalton's statement is not in conformity with the provisions of the statute [§ 57-615, 1961 Supp.] which requires that the written statement given by a doctor shall be verified; there is also a requirement that the doctor's qualifications be set forth in the statement.

upon said Petitions, testimony of witnesses, and statement of the attending physician, from all of which the Court finds:

"That Marvin Umsted is a resident of Camden, Arkansas, and is at the present a patient at Ouachita County Hospital. He is some eighty-two years of age[2] and is, at times, incapable of managing his property or caring for himself due to a mental incapacity brought on by advancing years and circulatory disturbances. That at intervals he is of sound mind and it would be greatly disturbing to him to change his guardian at this time. That he has become accustomed to Homer T. Rogers being his guardian, and Homer T. Rogers has requested this Court to appoint him a temporary guardian for a period of ninety days. That it would greatly upset said Marvin Umsted to appoint either Mr. Howard East or Mrs. Becker and Mrs. Cobb as his Guardian. * * *"

In accordance with the findings, Rogers was reappointed temporary guardian of the person and estate of Umsted for a period of ninety days, and a bond, in the sum of $15,000, was approved.

On July 23rd, appellants filed a motion to vacate and cancel the order appointing Rogers temporary guardian, alleging that the purported accounting filed by Rogers, covering his services as temporary guardian through July 9, 1962, was not a full and complete report; that there was no emergency which required the July 20th appointment of a temporary guardian; that Rogers is prohibited by statute from continuing as temporary guardian, and that appellants were not advised of any hearing on July 20th, though they had requested of the clerk, formal notice of any hearings in the case.[3] The preceding paragraphs set forth all pleadings, orders, and proceedings, appearing in the transcript, and the record is completely silent as to any further developments follow-

---

[2] Mr. Umsted apparently had a birthday following the filing of the original petition.

[3] The record does not reflect that a written request for notice was filed, or that other requirements of Section 57-613 ["Request for special notice of hearings"] were complied with.

ing this last motion. From the order of July 20th, reappointing Homer T. Rogers as temporary guardian, appellants bring this appeal.

At the outset, let it be mentioned that the briefs contain, and make reference to, many matters that do not appear in the record. Appellee's brief, in large measure, is devoted to extraneous material, and appellants, in their reply brief, to some extent, follow the same practice. The fact that we do not consider statements beyond the record is so axiomatic as to require no citation of authority.

While, in one sense of the word, this appeal is moot because of the fact that the appointment expired some 10 days ago, there are matters which could possibly be hereafter presented to the trial court, which we think necessitate this court's passing upon the legality of Rogers' appointment, *viz.*, the question of guardian's fee, expenses, and the validity of actions taken by the guardian during the ninety-day period. In addition, since the appointment is only for a ninety-day period, it would be virtually impossible for a transcript to be prepared, briefs submitted, and the case disposed of by opinion before such period expired. In effect, in many instances, this would result in the loss of the right of appeal, though such right is clearly granted by the statute.

As herein mentioned, appellee's appointment as temporary guardian on July 20th, was his fifth appointment in that capacity. We are not here concerned with the first four appointments, since they are not at issue on this appeal. We are of the view that the appointment of July 20th was invalid for two reasons. Section 57-620, 1961 Supp., provides as follows:

"If the court finds that the welfare of an incompetent requires the immediate appointment of a guardian of his person or of his estate, or of both, it may, with or without notice, appoint a temporary guardian for the incompetent for a specified period *which period including all extensions thereof, shall not exceed ninety [90] days,*[4] and remove or discharge him or terminate his guardianship.

---

[4]Emphasis supplied.

If made without notice, the temporary guardian shall forthwith give to the incompetent person notice of the appointment. The appointment may be to perform duties respecting specific property or to perform particular acts, as stated in the order of appointment. The temporary guardian shall make such reports as the court shall direct, and shall account to the court upon termination of his authority. In other respects the provisions of this Code concerning guardians shall apply to temporary guardians and an appeal may be taken from the order of appointment of a temporary guardian. The letters issued to a temporary guardian shall state the date of expiration of the authority of the temporary guardian.''

The Arkansas Probate Code was enacted by the General Assembly as Act 140 of 1949. Section 207 [57-620] of the act related to the appointment of temporary guardians. Under that act, a temporary guardian was appointed for ninety days, but there was nothing to prevent the reappointment of such guardian for an additional ninety days. This section was amended in 1951 by inserting the italicized language. Judge E. B. Meriwether, Professor, University of Arkansas School of Law, in an article appearing in Ark. Law Review, Volume 5, Page 377, discusses amendments to the Probate Code. At Page 380 he calls attention to the amendment herein discussed, as follows:

''Section 12 clarifies Code Section 207, which limited a court-ordered temporary guardianship to ninety days. Nothing in the Code, however, prevented the court from appointing successive temporary guardians or reappointing a temporary guardian. Section 12 therefore provides that the temporary guardian shall be appointed for a specified period, 'which period including all extensions thereof, shall not exceed ninety days'.''

It is, therefore, at once apparent that the July 20th appointment of Rogers as temporary guardian was contrary to the provisions of the statute. While not argued, or relied upon, by appellee, it might be well to point out that the interim of eleven days between Rogers' fourth and fifth appointments, does not result in making the

court's order valid. It was clearly the intent of the legislature in amending this section to prohibit the appointment of a temporary guardian, or the retention of an individual as temporary guardian, for more than ninety days. To hold otherwise, would, obviously, emasculate the statute as amended. The period of time that should elapse, following the expiration of a temporary guardianship, before the same individual could again be appointed temporary guardian, is purely academic, and, therefore, requires no discussion. It is certainly conceivable that a case could arise, which would require the appointment of a temporary guardian, with no need for a permanent guardian at the expiration of the ninety-day period; perhaps a year or so later an exigency would arise, which could, again, require the appointment of a temporary guardian. We render no holding as to whether the same individual, who had been appointed the year before, could then properly serve. In the case before us, from a practical standpoint, Rogers had continuously served for 360 days before the appointment in question.

There is yet another reason why the order should not have been entered. In *Walthour-Flake Co., Inc.* v. *Brown,* 228 Ark. 307, 307 S. W. 2d 215, this court pointed out that the provision for appointing a temporary guardian was designed to take care of emergencies. Under the Probate Code, notice must be given before a regular guardian can be appointed, and as stated in the cited case, " * * * instances may well arise where such a delay would cause irreparable damage to the estate of an incompetent. Here, no such emergency seems to have existed." In the instant case, it would likewise appear that no emergency existed which would necessitate this appointment. The letter from Dr. Dalton stated that Umsted's mental status had improved, and that he was "relaxed, quiet and cooperative". The principal purpose of a temporary appointment is to take care of urgent and emergent matters that have arisen, and where prompt action is essential before the legal requirements for the appointment of a permanent guardian can be met.

In accord with the reasoning herein set out, we find, and hold, that the appointment of Homer T. Rogers as temporary guardian of Marvin Umsted, incompetent, by order entered on July 20, 1962, was invalid, and the order is reversed.

While the appeal relates only to the appointment of Rogers as temporary guardian, appellants suggest that this court should also name appellants, or Mr. East, or all three, as permanent guardians. Of course, in the first place, there is no appeal from the failure of the court to appoint any of those mentioned. Secondly, without benefit of a record containing evidence relating to the qualifications of those seeking the appointment of permanent guardian, we are in no position to know who can best serve the interests of the incompetent. Finally, it would not appear from the record that appellants have performed the requisite and necessary acts for a hearing on the appointment of a permanent guardian; *i.e.*, no notice appears in the transcript as provided in Section 57-611, 1961 Supp.[5] There is, of course, nothing to prevent appellants, after serving proper notices, from requesting and obtaining a hearing on their petition for a permanent guardian.

Reversed.

---

[5]The burden is upon appellants to see that proper notices are served.