RUTH SPARKS *v.* THE FIRST NATIONAL BANK IN LITTLE ROCK

5-4189                                   413 S. W. 2d 865

Opinion delivered April 24, 1967

436

*Griffin Smith,* for appellant.

*John H. Haley,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant questions the propriety of an order of the Probate Court appointing a guardian for her without notice and without any medical testimony. Appointment of a guardian was sought by her daughters who alleged her to be incompetent by reason of mental incapacity, "including habitual drunkenness and excessive use of drugs". Subsequently, these daughters petitioned for immediate appointment of appellee as temporary guardian for ninety days, alleging that appellant had fled the state to evade service of process on the original petition. The trial court heard the testimony of one Odie Criglow Green, a sister of appellant, and one of the daughters. Finding that the welfare of appellant required the appointment, the court appointed appellee as temporary guardian of appellant's estate and a daughter as temporary guardian of her person, both for ninety days[1]. No contention is made that any medical testimony was heard by the court.

The court proceeded under Ark. Stat. Ann. § 57-620 (Supp. 1965) [§ 207 of Act 140 of 1949, as amended] which provides:

"Temporary guardian.—If the court finds that the welfare of an incompetent requires the immediate appointment of a guardian of his person or of his estate, or of both, it may, *with or without notice,* appoint a temporary guardian for the incompetent for a specified period, which period including all extensions thereof, shall not exceed.ninety 90 days, and remove or discharge him or terminate his guardianship. If made without notice, the temporary

---

[1]Letters of guardianship, however, failed to note the limitation on the appointments, as required by statute.

guardian shall forthwith give to the incompetent person notice of the appointment. The appointment may be to perform duties respecting specific property or to perform particular acts, as stated in the order of appointment. The temporary guardian shall make such reports as the court shall direct, and shall account to the court upon termination of his authority. *In other respects the provisions of this Code concerning guardians shall apply to temporary guardians,* and an appeal may be taken from the order of appointment of a temporary guardian. The letters issued to a temporary guardian shall state the date of expiration of the authority of the temporary guardian. [Acts 1949, No. 140, § 207, p. 304; 1951, No. 255, § 12, p. 591.]'' [Emphasis ours]

Another section of the Probate Code, (§ 188 of Act 140 of 1949) appearing as § 57-601 c. Ark. Stat. Ann. (Supp. 1965), defines the word ''incompetent'' as used in the Code. Insofar as this case is concerned, an incompetent is a person who is ''incapable, by reason of insanity, mental illness, * * *habital drunkenness, excessive use of drugs or other mental incapacity, either of managing his property or caring for himself.''

Sec. 57-614 Ark. Stat. Ann. (Supp. 1965) [§ 201 of 140 of 1949] requires that, before appointing a guardian for a person, the court must be satisfied that he is either a minor or otherwise incompetent.

Ark. Stat. Ann. § 57-615 (Supp. 1965) [§ 202 of Act 140 of 1949] provides for a hearing for determination of incompetency and, in pertinent part, reads:

''a. Minors. The fact of minority shall be established by satisfactory evidence.

b. Other Incompetents. In determining the incompetence of a person for whom a guardian is sought to be appointed for cause other than minority the court *shall require that the evidence of incompetence*

*include the oral testimony or sworn written state-*
*ment of one or more qualified medical witnesses,*
whose qualifications shall be set forth in their testi-
mony or written statements. If the alleged incompe-
tent is confined or undergoing treatment in an in-
stitution for the treatment of mental or nervous dis-
eases, or a hospital or penal institution, one of the
medical witnesses shall be a member of the medical
staff of such hospital or institution.'' [Emphasis
ours]

It is clear from a mere reading of the statute that
the framers of the Probate Code intended that no guard-
ian be appointed without the court having the benefit
of a medical opinion. Appointment of a person or cor-
poration to take charge of one's property, even for a
limited time, is a drastic step and it is appropriate for
the legislative branch to determine appropriate safe-
guards. The use of the word ''shall'' requires a construc-
tion making the testimony or statement of at least one
qualified medical witness mandatory in determination of
incompetency. If this clause were to be construed as per-
missive, then it is a useless appendage, for the court
could require medical testimony if it desired without this
clause. The construction of the word ''shall'' as being
mandatory is supported by the following sentence pro-
viding that one of the medical witnesses, if the alleged
incompetent is confined or undergoing treatment in an
institution or hospital, ''shall be a member of the medi-
cal staff of such hospital or institution.''

The section on temporary guardians provides for
procedures, in certain instances, different from those
prescribed for other guardians. The specific statement
with reference to the application of other provisions of
the Code to temporary guardians clearly indicates an in-
tent that those procedures governing the appointment
of guardians are also applicable to the appointment of
temporary guardians. If the contention of appellant is

correct, the section would not only have provided for hearing "with or without notice" but also with or without the testimony or statement of a medical witness or witnesses.

While this court has recognized that the provision with reference to temporary guardianships was designed to take care of emergencies or instances where delay could cause irreparable damage to the estate of an incompetent [See *Becker* v. *Rogers*, 235 Ark. 603, 361 S. W. 2d 262], also recognize that damage might well be done to one not incompetent by the improper appointment of a guardian for his person or estate or property. If the safeguards are too exacting, the matter is for legislative, not judicial, attention.

We do not pass upon the question of the necessity of any examination of the incompetent by the medical witness, as that question is not before us; however, we find nothing in the Probate Code to require that medical witnesses must have examined the alleged incompetent.

The order of appointment of the temporary guardian is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

JONES, J., not participating.

BYRD, J., disqualified.