SLIP OPINION

Cite as 2016 Ark. App. 266

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–663

| | |
|---|---|
| LINDSEY NICOLE HOOD<br>APPELLANT<br><br>V.<br><br>JIMMY HOOD, RUTH ANN HOOD,<br>AND SHERRIE FIELDS<br>APPELLEES | Opinion Delivered May 18, 2016<br><br>APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63PR–13–590–2]<br><br>HONORABLE GARY ARNOLD,<br>JUDGE<br><br>REVERSED |

## BART F. VIRDEN, Judge

The Saline County Circuit Court appointed appellees Jimmy and Ruth Ann Hood (the Hoods) guardians of appellant Lindsey Nicole Hood's (Lindsey's) children, C.H. and H.H.[1] On appeal, Lindsey challenges the trial court's authority to continue a temporary guardianship beyond ninety days and argues that, even if she had consented to the guardianship, it should have ended immediately once she objected to it. We agree with both components of Lindsey's first point and therefore reverse. We do not reach the merits of her second argument that venue in Saline County was improper.

### I. *Guardianships*

Arkansas Code Annotated section 28–65–218(a)(1) (Repl. 2012) provides in relevant

---

[1]Appellee Sherrie Fields, the children's maternal grandmother, filed a petition to intervene in the guardianship proceedings initiated by the Hoods and sought to be appointed permanent guardian of the children.

part that, if the court finds that there is imminent danger to the life or health of the incapacitated person and that this requires the immediate appointment of a guardian, the court may, with or without notice, appoint a temporary guardian for the incapacitated person for a specified period, which period, including all extensions, shall not exceed ninety (90) days, and the court may remove or discharge him or her or terminate the guardianship.

Subsection (a)(2)(A) provides that, if the incapacitated person is a minor, the initial period for the appointment of a temporary guardian shall be for a period not to exceed ninety (90) days. Subsection (a)(2)(B) provides that, on or before the expiration of the ninety-day period, the court may extend the temporary guardianship for an additional period not to exceed ninety (90) days if the court finds after a hearing on the merits that there remains imminent danger to the life or health of the minor if the temporary guardianship is not extended.

Arkansas Code Annotated section 28-65-202(a)(1) provides that the venue for the appointment of a guardian shall be in the county of this state where the incapacitated person is domiciled. *See, e.g.*, *Blunt v. Cartwright*, 342 Ark. 662, 30 S.W.3d 737 (2000) (venue was proper in county where child resided, rather than where the child resided after a temporary guardianship had been obtained). Our supreme court has held that, once a final order has been entered and an appeal taken, the question of venue, once put in issue, is not lost by continuing through a trial of the matter. *Id.*

II. *Procedural History*

On November 25, 2013, the Hoods filed a petition for emergency guardianship of

C.H. and H.H. and attached an affidavit averring that Lindsey was addicted to prescription drugs and that both Lindsey and the Hoods' son, John, used the drug ICE; that Lindsey had spent $800 in EBT (electronic benefits transfer) funds within a couple of days; that a "homemade pipe" was found under Lindsey's side of the bed; that Lindsey and John had lost their jobs and were making ends meet by shoplifting; that both Lindsey and John had been arrested in connection with shoplifting; that the children had stopped attending Civitan School where they received therapy; and that C.H. had been found wandering unclothed near Congo Road.[2]

The trial court granted the Hoods' petition the following day and scheduled a hearing for December 4, 2013. On December 3, 2013, Lindsey filed a motion for continuance, which was granted. The trial court rescheduled the hearing for December 17, 2013. On December 20, 2013, an "Agreed Order of Continuance" was entered stating, "This case shall be continued until the parties reset it for a full trial. The guardianship shall continue through the next trial." The order also awarded visitation with the children to Fields.

On May 15, 2014, the Hoods filed a motion to set aside the agreed order because they alleged that Fields was permitting Lindsey to care for the children while she (the grandmother) worked twelve-hour shifts as a nurse. Attached to their motion was a document from the Arkansas State Police's Crimes Against Children Division in which the investigative agency found an allegation of suspected child maltreatment—"poison/noxious substance"—true with respect to C.H. and placed Lindsey's and John's names on the Child Maltreatment Central

---

[2]The children's father, John Hood, is not a party to this appeal.

SLIP OPINION

Registry. There is no indication whether the parents contested the agency's determination. Moreover, no hearing was ever held on the motion to set aside.

On April 8, 2015, Lindsey filed an "Objection and Motion to Set Aside Order Filed November 26, 2013, for Dismissal or Termination of the 'Emergency' Temporary Guardianship in the Hoods, and for Return of the Custody of the Children to Lindsey Nicole Hood, Mother." Following a hearing with only arguments by the attorneys, the trial court entered an order on April 21, 2015, denying Lindsey's motion in part and continuing the case for a hearing on Lindsey's motion to set aside the guardianship. Lindsey filed a timely notice of appeal from that order.[3]

### III.  *Discussion*

Lindsey argues that the trial court had no authority or jurisdiction to continue the guardianship in the Hoods after ninety days had passed. We agree that the trial court acted contrary to the statute. The basic rule of statutory construction is to give effect to the intent of the legislature. *State v. L.P.*, 369 Ark. 21, 250 S.W.3d 248 (2007). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.*

A plain reading of Ark. Code Ann. § 28-65-218(a)(2) provides that a temporary guardianship may last only up to ninety days, unless it is determined after a hearing that it is

---

[3]An appeal may be taken from orders in probate cases with a few exceptions not applicable here. Ark. R. App. P.–Civ. 2(a)(12) (2015).

necessary to extend it for another period not to exceed ninety days. The November 2013 temporary guardianship expired at the end of ninety days. Even if the "Agreed Order of Continuance" could be considered an extension of that temporary guardianship, the extension or continuance could not be granted without a hearing and was only valid for up to another ninety days. In *Becker v. Rogers*, 235 Ark. 603, 361 S.W.2d 262 (1962), Rogers had continuously served as a temporary guardian for an incompetent person for 360 days and was reappointed for another ninety-day period. Our supreme court reversed, holding that the appointment was invalid because it was clear that the legislature intended to prohibit the appointment of a temporary guardian, or the retention of an individual as a temporary guardian, for more than ninety days. The court held that the appointment was also invalid because temporary guardianships were designed to "take care of urgent and emergent matters that have arisen and where prompt action is essential before the legal requirements for the appointment of a permanent guardian can be met." *Becker*, 235 Ark. at 608, 361 S.W.2d at 265. Here, although we are dealing with the statute as it pertains to minors, the Hoods' temporary guardianship has lasted far beyond ninety days, and no hearing to determine the propriety of an extension—whether an emergency still exists—has been held. The trial court thus erred in continuing the temporary guardianship indefinitely.

We further agree with Lindsey's alternative argument that, even if she had consented to the continuation of a guardianship, once her consent was withdrawn in April 2015, the guardianship should have automatically ended because she has not been found to be an unfit parent. For this proposition, Lindsey relies on the Arkansas Supreme Court's decision in

*Matter of Guardianship of W.L.*, 2015 Ark. 289, 467 S.W.3d 129. Citing language from *In re Guardianship of S.H. (1)*, 2012 Ark. 245, at 14, 409 S.W.3d 307, 316, our supreme court noted that "parents who have not been found unfit do not relinquish their fundamental liberty interest in raising their children by consenting to a guardianship." *W.L.*, 2015 Ark. 289, at 6, 467 S.W.3d at 133. In *W.L.*, our supreme court declared that

> [b]y petitioning to terminate the guardianship and revoking consent, the fit parent, who has the child's best interest at heart, informs the court that the guardianship is no longer necessary. That is sufficient to meet the statutory requirement where the court "may" terminate the guardianship. In other words, a guardianship is no longer necessary—per the statute—when a fit parent revokes consent. The fit parent does not have to prove anything else.

*Id.* at 8, 467 S.W.3d at 133–34.[4]

There has been no evidentiary hearing, much less one adjudicating Lindsey unfit as a parent. Pursuant to *W.L.*, because she has not been found unfit, she is fit, and her decision regarding her children controls. "[A] fit parent's decision regarding his or her children is conclusive." *Id.* at 8, 467 S.W.3d at 134. The trial court is afforded no discretion in the matter. This court is bound to follow precedent set by the Arkansas Supreme Court. *Sanderson v. McCollum*, 82 Ark. App. 111, 112 S.W.3d 363 (2003). Accordingly, we reverse.

### IV. *Conclusion*

We reverse the trial court for the reasons discussed herein. Our holding, of course,

---

[4]Arkansas Code Annotated section 28-65-401(b)(3) (Supp. 2015) provides that a guardianship "may be terminated by court order after such notice as the court may require if, for any other reason, the guardianship is no longer necessary or for the best interest of the ward."



does not prevent the Hoods from filing a proper petition for guardianship, if necessary, and requesting a hearing.

Reversed.

HARRISON and KINARD, JJ., agree.

*Oscar Hirby* and *Robert S. Tschiemer*, for appellant.

No response.