KENNETH S. HIXSON, Judge
The appellant, Christopher Lee Paschall, has two minor children. The appellant murdered his children's mother, Casey Brace, and also murdered his children's maternal great-grandfather. This appeal stems from a guardianship case involving appellant's minor children after he was arrested and subsequently convicted of the murders. Appellant was incarcerated throughout the guardianship proceedings. After a series of other temporary placements, the Washington County Circuit Court granted permanent guardianship of the minor children to appellant's brother and his wife. Appellant disagreed with the circuit court's decision and appeals. We affirm.
I. Factual Summary
Appellant murdered his children's mother and their great-grandfather. On January 26, 2015, while appellant was incarcerated, John and Mary Paschall, appellant's parents, filed a petition for appointment of guardian of the person and for ex parte emergency guardianship. In their petition, the Paschalls alleged that appellant had been incarcerated and that appellant's minor children needed a guardian. They further alleged that the children were currently in the custody of Cathy Townsend, the children's maternal grandmother, who resided in Washburn, Missouri. Before their mother's death, the children had resided in Arkansas. The Paschalls also alleged that it was not in the children's best interest to remain in Cathy's care and custody in Missouri and that they had spent a considerable amount of time helping to raise the children.
A week later, on February 3, 2015, appellant, while incarcerated, filed a notarized waiver and consent in response to John and Mary Paschall's petition for appointment of guardian. Appellant alleged that he is the children's father and that he waived his time to file an answer, the formal statutory-notice requirements for all proceedings, and his appearance at such proceedings. Appellant further stated that he consented to the circuit court's appointment of John and Mary Paschall as his children's guardians. The circuit court thereafter appointed the Paschalls as temporary guardians.
A few days later, Amber Trammell, the children's maternal aunt, (sister of the children's murdered mother) and Cathy Townsend, the maternal grandmother, filed a motion and an amended motion to intervene and to set aside the order of temporary guardianship. Amber and Cathy alleged that they had already been issued letters of guardianship in Missouri. Thereafter, John and Mary Paschall, Amber Trammell, and Cathy Townsend reached a temporary settlement agreement, *595 and the Washington County Circuit Court filed an agreed order. The circuit court ruled that Arkansas had jurisdiction pursuant to the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA), codified at Arkansas Code Annotated sections 9-19-101 to -401. The parties agreed that John and Mary Paschall should continue their appointment as temporary guardians. Amber and Cathy were granted the right to intervene, and their motion and amended motion to set aside the order of temporary guardianship was dismissed. The parties additionally agreed that Amber and Cathy were entitled to visitation with the children and that the attorney ad litem for the children would set up counseling.
Shortly after Amber Trammell was granted the right to intervene, Amber filed her own motion with the circuit court to be appointed as the children's guardian. On April 24, 2015, appellant filed a pro se response to Amber Trammell's petition titled "Motion to Terminate Supervised Visitation, Petition for Restraining Order, Motion for Full Custody, & Motion to Dismiss Defendant's Filing for Co-Guardianship." In his response, appellant stated that he had signed over all rights concerning the minor children to his parents, John and Mary Paschall. He further alleged that Cathy Townsend was a drug dealer and violent and that Amber's husband, Justin, had killed his own father. Appellant prayed that the circuit court would "deem fit to terminate" any visitation given to Cathy Townsend; issue restraining orders against Cathy, Amber, and Justin; dismiss Amber's petition for guardianship; and grant John and Mary Paschall full custody.
After a trial, the circuit court filed an order appointing John and Mary Paschall as permanent guardians of the children. Amber Trammell was granted visitation. Additionally, Jeremy Paschall, appellant's brother and the children's paternal uncle, was granted visitation. The circuit court further ordered that there be no contact between appellant and the children until the children's counselor advised otherwise and all the parties agreed. If the parties could not reach an agreement, communication would not be allowed without a court order.
Less than a year later, on September 14, 2016, the children's attorney ad litem, Hadley M. Hindmarsh, filed an emergency motion for emergency substitution of guardians. The attorney ad litem alleged that Mary Paschall had allowed the children to have extensive telephone communication with appellant and that appellant had been "exerting a substantial and highly concerning level of control over the actions of the Guardian, Mary Paschall, concerning the minor children, the guardianship case, the children's counseling and other matters related to Christopher Paschall's numerous pending criminal cases." Therefore, based on over forty telephone recordings, the attorney ad litem stated she had serious concerns regarding the well-being and safety of the minor children in Mary and John Paschall's care and requested that the children be removed. She recommended that Jeremy and his wife, Crystal Paschall, the children's paternal uncle and aunt, be appointed as temporary or permanent guardians.[1]
The participating parties, including John and Mary Paschall, Jeremy and Crystal Paschall, Amber Trammell, and the attorney ad litem, reached a temporary *596 settlement agreement and agreed to allow Jeremy and Crystal Paschall to be appointed temporary guardians.[2] Visitation with John and Mary Paschall and Amber Trammell was permitted but at the sole discretion of Jeremy and Crystal Paschall. The same parties later reached a final settlement agreement regarding all pending matters, and the circuit court adopted the agreement in a final order filed on January 31, 2017. Jeremy and Crystal Paschall were appointed as permanent guardians of the children. The order additionally addressed and set out the visitation restrictions agreed to by the parties.
About three months later, appellant, who is now represented by counsel, filed in May 2017 a pro se "Objection and Motion to Set Aside Final Order filed January 31, 2017, for Dismissal of the Emergency Temporary Guardianship and for Return of Guardianship of the Minor Children to John and Mary Paschall." In his motion, appellant acknowledged that he had signed a waiver of notice and consent to the guardianship in 2015; however, he alleged that his April 2015 pro se response to Amber Trammell's petition for guardianship "effectively terminated his previously filed Waiver and Consent." Appellant further alleged that even if the April 2015 response did not terminate his waiver and consent, his "[w]aiver was tied to his consent to John and Mary Paschall as guardians and [appellant] did not waive notice of any pleadings challenging John and Mary Paschall as the guardians." Mary Paschall thereafter filed a response that she had no objection to appellant's motion and that she was ready to resume her duties as guardian if the circuit court found the January 31, 2017 final order void.
A hearing was held on appellant's motion in which he reiterated his arguments. Jeremy and Crystal Paschall, Amber Trammell, and the attorney ad litem argued that appellant's arguments lacked merit and should be denied. Afterwards, the circuit court filed an order denying and dismissing appellant's motion on November 3, 2017. In its order, the circuit court made the following relevant findings:
2. The Court finds that Christopher Paschall filed a Waiver of Service of Process on February 3, 2015 which waived his time to answer the pleadings filed, waived his entitlement to formal statutory notice requirements for all proceedings and his appearance at such proceedings. In the same document, Christopher Paschall further consented to the appointment of John and Mary Paschall as guardians of the minor children.
3. That at no time prior to the filing of his Motion on May 23, 2017 did Christopher Paschall withdraw his previously executed Waiver nor did he file any pleading with this Court requesting that he be provided notice of all proceedings conducted in this matter. Further the Court finds Christopher Paschall's hand-written filing entered on April 24, 2015 was solely related to his objection to visitation occurring between the minor children and Cathy Townsend and other members of the children's extended maternal family.
4. The Court further finds that on November 16, 2016 all parties participating in this matter agreed to the entry of the January 31, 2017 order awarding Jeremy and Crystal Paschall permanent guardianship of the minor children in this matter.
*597 5. Further, from the evidence adduced in this matter, including statements of Christopher Paschall's attorney, that Christopher Paschall was recently convicted of murdering the biological mother and great grandfather of the minor children who are the subject of this guardianship.
6. The Court finds that pursuant to the Waiver filed on February 3, 2015 Christopher Paschall was not entitled to notice of the proceedings in this matter thereafter; accordingly, the Court finds the Objection and Motion to Set Aside Final Order filed herein by Christopher Paschall on May 23, 2017, should be, and hereby is, dismissed and denied.
(Emphasis added.) This appeal followed.
II. Standard of Review
Guardianships are special proceedings that are governed by statute. Morris v. Clark , 2018 Ark. App. 73, 542 S.W.3d 191. We review probate proceedings de novo, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. Donley v. Donley , 2016 Ark. 243, 493 S.W.3d 762. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. Id. When reviewing proceedings, we give due regard to the opportunity and superior position of the circuit court to determine the credibility of the witnesses. Id.
III. Whether Appellant's Waiver of Notice Applied to All Future Proceedings
Appellant first argues that the circuit court erred in ruling that the waiver of notice he executed and filed in February 2015 applied to all future guardianship proceedings. Appellant argues in his brief that the intention of his notarized waiver and consent was to waive the time to file an answer and the notice requirements for "all proceedings necessary to carry out his consent to have Mary and John Paschall appointed as guardians." He further claims that he did not intend to waive notice and consent to any other parties being appointed as guardian. Appellant claims that because he was not notified in September 2016 when the attorney ad litem moved to terminate John and Mary Paschall as guardians and to substitute Jeremy and Crystal Paschall, the circuit court's orders "should be voided." We disagree.
The standard definition of "waiver" is the voluntary abandonment or surrender by a capable person of a right known by that person to exist, with the intent that he or she will forever be deprived of its benefits. Fewell v. Pickens , 344 Ark. 368, 39 S.W.3d 447 (2001). It is our duty to enforce contracts as they are written and in accordance with the ordinary meaning of the language used and the overall intent and purpose of the parties. Fry v. Fry , 2015 Ark. App. 339, 463 S.W.3d 738. Waiver is ordinarily a question of fact, and we do not reverse the circuit court's finding of fact unless it is clearly erroneous. Academy, Inc. v. Paradigm Building, LLC , 2017 Ark. App. 79, 513 S.W.3d 850 ; Travelers Cas. & Surety Co. of Am. v. Cummins Mid-South, LLC , 2015 Ark. App. 229, 460 S.W.3d 308.
A competent person in the person's own behalf or by his or her attorney may execute a waiver of notice to one or more hearings in a particular probate proceeding, and the statute specifically states that notice of the hearing for the appointment of a guardian need not be given to any person who has waived notice of the hearing in writing. Ark. Code Ann. §§ 28-1-113(c) and 28-65-207(a)(2). Additionally, although a petitioner is required to serve notice to a parent of a minor child of any *598 temporary-guardianship order, notice need not be given to any person who has in writing waived notice of the hearing. Ark. Code Ann. §§ 28-65-218(b), (e) & 28-65-207(a)(2).
Here, on February 3, 2015, appellant filed the following written, notarized waiver with the circuit court:
I, Christopher Lee Paschall, am the father of the proposed wards, waive my time to answer and the formal statutory notice requirements for all proceedings , my appearance thereof, and I consent to the Court appointing John and Mary Paschall as the guardians of my children[.]
(Emphasis added.) The circuit court found that appellant's waiver of notice as written applied to "all proceedings" and that appellant did not intend it to be limited to only proceedings that involved the appointment of John and Mary Paschall as he contends. Although appellant could have limited under the statute his waiver to notice for specific hearings, he failed to do so. The clear and unambiguous language used by appellant in his waiver and consent is that he waived notice to "all proceedings" without any limitations. Under these particular circumstances, we cannot say that the circuit court's findings were clearly erroneous, and we affirm.
IV. Whether Appellant Revoked His Waiver of Notice
Appellant additionally argues that even if his waiver of notice applied to all future guardianship proceedings, the circuit court erred in ruling that he did not revoke his waiver of notice. Appellant specifically argues that his "Motion to Terminate Supervised Visitation, Petition for Restraining Order, Motion for Full Custody, & Motion to Dismiss Defendant's Filing for Co-Guardianship" filed on April 24, 2015, in response to Amber Trammell's petition for guardianship, made his intention clear, even though he admits not explicitly, to revoke his waiver of notice when he expressed his disapproval of Amber being appointed as guardian of his children. We disagree.
Appellant cites Hood v. Hood , 2016 Ark. App. 266, 493 S.W.3d 779, as support for his arguments; however, appellant's reliance is misplaced. Hood involved the issue of a parent's consent and a fit parent's right to terminate a guardianship when it is no longer necessary. The circuit court there had granted the grandparents' petition for emergency guardianship. Id. A hearing was scheduled, but the mother later agreed to an order of continuance. Id. Several months later, the mother filed a motion to set aside and terminate the emergency temporary guardianship and return custody of the children to her. Id. The circuit court denied the motion, and the mother timely appealed. Id. We reversed for two reasons. Id. First, we held that the circuit court erred in continuing the emergency temporary guardianship indefinitely in contravention of the statute. Id. Second, even if it could be said that the mother consented to the continuation, she withdrew her consent to the continuance when she sought to terminate the emergency temporary guardianship and have the children returned to her custody. Id.
Those are simply not the facts here. Appellant's April 2015 response did not seek to terminate his consent to the guardianship and return custody to him, as in Hood ; nor did it state anything to indicate that he was revoking or withdrawing his waiver of notice, which is the issue before us. In fact, appellant could not regain custody of the children due to his incarceration.
Here, the circuit court specifically found that appellant failed to either revoke or withdraw his written waiver of notice, *599 and we cannot say that the circuit court's findings were clearly erroneous under these circumstances. In his April 2015 response, appellant reiterated that he had signed over all rights concerning his children and that he objected to the children having any contact with members of their maternal family. He further requested that John and Mary Paschall be granted permanent guardianship, which the circuit court did initially until the attorney ad litem filed a motion for emergency substitution of guardians based on Mary's noncompliance. Thereafter, the participating parties, including Mary Paschall, reached a settlement agreement that Jeremy and Crystal should serve as substituted permanent guardians.
Appellant's April 2015 response never mentioned any objection or indication that he was revoking or withdrawing his waiver of notice in the event Mary Paschall eventually agreed that Jeremy and Crystal Paschall should be substituted as guardians. Additionally, pursuant to Arkansas Code Annotated section 28-65-209, appellant could have at any time requested written notice of any hearings, including any hearings on petitions for the removal, suspension, or discharge of the guardian; however, he failed to do so. Thus, on these facts, we affirm.
Affirmed.
Klappenbach and Whiteaker, JJ., agree.

Jeremy Paschall had already been awarded visitation rights over the minor children in a previous order of the court.

Appellant Christopher Paschall was not given notice of the emergency hearing and did not participate in the settlement agreement.